# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# MIDLAND DIVISION

| | |
|---|---|
| LAURA ANN BASDEN, Individually and on Behalf of the Estate of STEVEN MICHAEL BASDEN and Minor W.B., STEVEN ALAN BASDEN, BRANDY GARY on Behalf of Minor A.B., ALAN BASDEN and GEORGIE CUMMINGS,<br><br>*Plaintiffs,*<br><br>v.<br><br>KING COBRA SERVICES, LLC, TMG SERVICE COMPANY, LLC, and TROY ALAN GILBERT,<br><br>*Defendants.* | Civil Action No. 7:24-cv-00310 |

**THE BASDEN FAMILY'S ORIGINAL COMPLAINT**

Plaintiff Laura Ann Basden, individually and on behalf of the Estate of Steven Michael Basden and minor W.B., Steven Alan Basden, Brandy Gary on behalf of minor A.B., Alan Basden and Georgie Cummings ("Plaintiff" or "Mr. Jennings") file this Original Complaint against Defendants King Cobra Services, LLC ("King Cobra"), TMG Service Company, LLC ("TMG") and Troy Alan Gilbert (collectively "Defendants") and in support of their causes of action, respectfully show this Honorable Court the following:

## I.
### SUMMARY OF THE LAWSUIT

1.  Steven Basden was fatally injured on October 31, 2024 in Midland, Texas when a tire snapped off the axle on Defendants' trailer, bounced into oncoming traffic, and struck Mr. Basden, who was driving in the opposite direction. Steven Basden languished for two days before dying in a Midland Hospital, leaving behind a devastated family, including his dear wife, three

young children, and his parents.

2. For years Defendants ignored the trailer tire and axle's deteriorating condition and failed to inspect, service, and lubricate the trailer's axle and wheel, which caused this incident.

3. Companies that fail to take reasonable steps to protect the public by servicing and maintaining their vehicles deserve to be held accountable when their gross negligence kills unsuspecting members of the public. Cutting corners on safety is dangerous, and the Basden family brings this lawsuit to recover damages for the death of their beloved Steven Basden and to ensure this tragedy never happens again. A life is more important than a company's profits.

## II.
## PARTIES

4. **Plaintiff Laura Ann Basden, individually and on behalf of the Estate of Steven Michael Basden and Minor W.B.** is an individual residing in Big Springs, Texas. Mrs. Basden is the surviving wife of Decedent Steven Michael Basden, the court-appointed administrator of her late-husband's Estate, and the mother of their six-year-old daughter W.B. She brings wrongful death claims on behalf of herself and her daughter W.B. and she brings a survival action as the court-appointed administrator on behalf of her husband's Estate.

5. **Plaintiff Steven Alan Basden** is an individual residing in Lake Charles, Louisiana. He is the oldest child of Decedent of Steven Michael Basden.

6. **Plaintiff Brandy Gary o/b/o A.B.** is an individual residing in Lake Charles, Louisiana. She brings wrongful death claims on behalf of her and Decedent Steven Michael Basden's surviving, fourteen-year-old daughter A.B.

7. **Plaintiff Alan Basden** is an individual residing in Lake Charles, Louisiana. He is the father of Decedent Steven Michael Basden.

8. **Plaintiff Georgie Cummings** is an individual residing in Lake Charles, Louisiana. She is the surviving mother of Decedent Steven Michael Basden.

9. **Defendant King Cobra Services, LLC** is a limited liability company based in Tulsa, Oklahoma. It may be served through its registered agent United States Corporation Agents, Inc. at 624 Denver Avenue, Suite 300B, in Tulsa, Oklahoma 74119 or wherever it may be found.

10. **Defendant TMG Service Company, LLC** is a limited liability company based in Oklahoma City, Oklahoma. It may be served through its registered agent Mark H. Bennett at 100 N. Broadway Avenue, Oklahoma City, Oklahoma 73102 or wherever he may be found.

11. **Troy Alan Gilbert** is an individual residing in Dover, Oklahoma. He may be served at his place of residence at 403 N. Barr Avenue, Dover, Oklahoma 73734-3497 or wherever he may be found.

### III.
### JURISDICTION AND VENUE

12. This Court has diversity jurisdiction over this suit because there is diversity of citizenship under 28 U.S.C. §1332(a)(1) and the amount in controversy exceeds $75,000.00 exclusive of interests and costs.

13. Venue is proper in this judicial district under 28 U.S.C. §1391(a)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the Western District of Texas, Midland Division. Specifically, the crash that killed Steven Basden and forms the basis of the Basden family's claims occurred in this venue in Midland, Texas.

## IV.
## FACTUAL BACKGROUND

**A. Introduction to the Parties.**

### *The Basden Family*

14. On October 31, 2024, Steven Basden suffered fatal injuries following a catastrophic crash involving Defendants. He died two days later in the hospital on November 2, 2024.

15. At the time of his death, Steven Basden was forty-five-years old. He was married to Laura Basden. Together, they raised their children, which included three of Steven Basden's children: Steven Alan Basden, A.B., and W.B. Steven Basden is also survived by his parents Alan Basden and Georgie Cummings, who are devasted at the loss of their son.

16. Steven Basden was a hardworking, oilfield worker. He was employed as a Service Manager for Encore Wellhead, entrusted by Encore with running wellhead sites at a number of locations. Steven originally hailed from Lake Charles, Louisiana, but he and his wife Laura lived in Big Springs, Texas at the time Steven died.

### *Defendants*

17. Defendant TMG purchased the trailer at issue from MPS Enterprises, Inc. in 2017. Since then, TMG and King Cobra owned, operated, leased, controlled, and/or maintained the truck for their business purposes and/or were responsible for inspecting, servicing, and maintaining the trailer in good working order. This included taking steps to service and lubricate the wheels, tires, axles, and rim components, holding the trailer wheels in place.

18. On October 31, 2024, Defendant Gilbert was driving a Ford F-350 pick-up truck owned by King Cobra Services, LLC. Defendant Gilbert was employed by King Cobra and at all times was operating within the scope of his employment for King Cobra. On this date and on prior occasions, Defendant Gilbert and other employees, agents, and/or servants of TMG and King

Cobra were responsible for inspecting, servicing, maintaining, and reporting any issues associated with the trailer.

19. But Defendants, including their agents, employees, or servants failed to do so, which caused the tire of the trailer to snap off and roll into on-coming traffic, which caused the incident described below.

**A. On October 31, 2024, a Tire on Defendants' Trailer Snapped-Off and Killed Steven Basden, Who was Driving in the Opposite Direction.**

20. On October 31, 2024, Defendant Gilbert was driving his King Cobra F-350 and pulling Defendants' trailer. The trailer is depicted here:



21. One of the trailer's rear axle, rim and tire was dried out and deteriorated due to years of improper inspection, service, lubrication and maintenance.



22. The tire is depicted here:



23. At approximately 2:15 p.m. on October 31, 2024, the rim and tire on the trailer snapped off. The tire traveled across the westbound lanes of Loop 250 in Midland, Texas, into the median, over the cable barrier onto the opposite side of the roadway, striking Steven Basden's F-150 pick-up truck head-on. Steven Basden was traveling Eastbound on Loop 250 in the opposite direction.

24. The collision was devasting, smashing into the windshield of Steven Basden's truck:





25. The crash caused fatal and catastrophic injuries to Mr. Basden. Mr. Basden was rushed to the emergency room at Midland Memorial Hospital in Midland, Texas by emergency medical services. For days, doctors worked around the clock to save Steven Basden's life to no-avail. He suffered terrible for days as a result of Defendants' gross negligence. On November 2, 2024, Steven Basden succumbed to his injuries and died. The destiny of his family has been altered forever.

26. The Texas Department of Public Safety commenced a massive investigation into this collision and reached the following opinions:

> **Investigator's Narrative Opinion of What Happened**
> (Attach Additional Sheets if Necessary)
>
> Unit 1 was towing Unit 2 traveling Westbound on Loop 250 near mile marker 284 when the right side tire broke away from Unit 2. The tire traveled across westbound lanes into the median and over the cable barrier onto the opposite side of the roadway. Unit 3 was traveling Eastbound on Loop 250 near mile marker 284 when the tire struck Unit 3 through the front windshield. Unit 3 lost control and struck the cable barrier in the median where it came to rest. Unit 1 towing Unit 2 came to rest on the north shoulder of westbound traffic.

27. The Texas Department of Public Safety illustrated the crash and their investigation in the following diagram:



28.     The police investigation found the following cause resulted in the collision:

| | 38 Contributing Factors (Investigator's Opinion) | | | 39 Vehicle Defects (Investigator's Opinion) | | | |
|---|---|---|---|---|---|---|---|
| Unit # | Contributing | | May Have Contrib. | Contributing | | May Have Contrib. | |
| 1 | | | | 98 | | | |
| | | | | | | | |

**39. Vehicle Defects**
5 = Defective or No Headlamps
6 = Defective or No Stop Lamps
7 = Defective or No Tail Lamps
8 = Defective or No Turn Signal Lamps
9 = Defective or No Trailer Brakes
10 = Defective or No Vehicle Brakes
11 = Defective Steering Mechanism
12 = Defective or Slick Tires
13 = Defective Trailer Hitch
14 = Automation Failure
98 = Other (Explain in Narrative)

9

29. This was a preventable, catastrophic incident. This crash occurred because Defendants failed to properly inspect, service, maintain, and lubricate the trailer's components, which caused the wheel to snap-off and kill Steven Basden.

30. The Basden Family brings this lawsuit to hold Defendants responsible for their egregious misconduct and to ensure that these events never occur again. A life is more important than a company.

## V.
### CAUSES OF ACTION

**A. Negligence/Gross Negligence**

31. Plaintiffs incorporate the above paragraphs as if set forth in full below.

32. Laura Basden brings a wrongful death lawsuit against all Defendants on behalf of herself and her daughter W.B. Steven Alan Basden, Brandy Gary o/b/o A.B., Alan Basden, and Georgie Cummings bring wrongful death claims as well. Laura Basden asserts a survival claim against Defendants on behalf of the Estate of Steven Michael Basden.

33. Defendants owed Mr. Basden a reasonable duty of care to act as a reasonably prudent person or equipment owner and/or operator would under the circumstances. On the occasion in question, Defendants committed acts of omission and commission, which collectively and severally constituted negligence and gross negligence. Their imprudent acts included, but were not limited to:

- Driving unsafely;
- Driving at an unsafe speed;
- Failing to inspect, service, maintain the trailer's components;
- Failing to lubricate the tire, rim, and axle components along with other components;
- Failing to recognize and remediate hazards;

- Failing to observe and follow traffic laws, and to ensure employees or contractors observed and followed those laws;

- Failure to maintain a proper lookout;

- Driving erratically and/or carelessly;

- Failing to control vehicle and speed;

- Failing to implement policies and procedures to ensure that equipment is properly serviced and maintained;

- Failing to implement policies and procedures to ensure that drivers for Defendants followed the rules of the road;

- Failing to properly train, hire, supervise and control drivers and maintenance/service personnel;

- Failing to enforce safety rules;

- Violating the Texas Transportation Code in numerous aspects;

- Operating a defective trailer and unsafe trailer;

- Violating the Federal Motor Carrier Safety Regulations in numerous aspects;

- Participating in and contributing to the acts that cause the incident in question.

- Failing to protect Decedent from reasonably foreseeable dangers; and

- Participating in and contributing to the acts that cause the incident in question.

34. Said acts of negligence and gross negligence were the proximate cause of Steven Basden's injuries and death. Defendants' actions were knowing, reckless, willfully indifferent or malicious. Defendants' actions involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Mr. Basden and to other employees and persons present in the area. Defendants had actual, subjective knowledge of the risk involved, but nevertheless acted with conscious indifference to the rights, safety, and welfare of others, including Mr. Basden. Plaintiffs thus seek punitive damages.

B.  *Respondeat Superior*/**Agency**

35.     Plaintiffs incorporate the above paragraphs as if set forth in full below.

36.     At all times, Defendants' employees were agents and/or servants on behalf of Defendants. These Defendants exercised control over their employees, contractors, agents, or servants, and at all relevant times, Defendants' employees were operating within the scope of their employment for them.

37.     As such, these Defendants are responsible for the conduct and damages caused by any conduct of their employees, contractors, agents, or servants that contributed to the damages sought in this suit.

## VI.
## DAMAGES

38.     Plaintiffs incorporate the above paragraphs as if set forth in full below.

39.     Plaintiffs bring a wrongful death action pursuant to §§ 71.001-71.012 of the Texas Civil Practice and Remedies Code. Laura Basden, on behalf of the Estate of Steven Michael Basden, brings this survival action pursuant to Texas Civil Practice and Remedies Code § 71.021.

40.     Plaintiff Basden, under the survival statute, seeks damages on behalf of the Estate for Mr. Basden's pre-death pain and suffering, pre-death mental anguish, pre-death medical expenses, funeral expenses, all economic damages including loss of household services, loss of earning capacity, and inheritance, pre-death disfigurement, loss of enjoyment of use, pre-death impairment, punitive damages, pre-judgment and post-judgment interests, and costs of court.

41.     The wrongful death Plaintiffs, under the wrongful death statute, are entitled to recover damages for all pecuniary losses, the loss of advice and counsel, care, maintenance, support, inheritance, household services, and earning capacity, as well as the reasonable contributions of pecuniary value that Plaintiff would in reasonable probability have received from

him had he lived, mental anguish suffered as a result of the death of Steven Basden, including, but not limited to, the emotional pain, torment, and suffering, and mental anguish that Plaintiffs would in reasonably probability, experience from the death of a family member, loss of Companionship and Society, including, but not limited to, love, companionship, comfort, and society that Plaintiff would in reasonable probability had experienced if Steven Basden had lived.

42. The damages sought herein are the direct and/or proximate result of the foregoing events, and Plaintiff or Decedent's heirs have suffered damages in the past and, in reasonable probability, will continue to suffer damages in the future, all for which Plaintiffs seek recovery herein. Plaintiffs seek all wrongful death damages and survival damages allowed by Texas law. Because the conduct of the Defendants is the type that involve egregiousness, malice, and/or conscious indifference, and proceeding in the face of a known risk without regard for Steven Basden's well-being, Plaintiffs also seek punitive damages, costs, pre-judgment and post-judgement interest.

## VII.
### DEMAND FOR JURY TRIAL

43. Plaintiffs demand a jury trial and tender the appropriate fee with this Complaint.

## VIII.
### PRESERVATION OF EVIDENCE

44. Plaintiffs demand, again, that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident which made the basis of this lawsuit or the damages resulting therefrom, including statements, photographs, videotapes concerning the events described herein, audiotapes, surveillance or security tapes, business or medical records, incident reports, bills, telephone call slips or records, correspondence, facsimiles, emails, voicemails, text messages, the truck, trailer, and tire involved in this occurrence, policies, contracts, agreements of any kind, procedures, bylaws, drive-cameras, surveillance, reports and investigative materials, and any evidence involving any facts stated in this petition and the incident

in question, and any electronic image or information related to the referenced incident or damages. Failure to maintain such items may constitute "spoliation" of evidence.

## IX.
### PRAYER

For the aforementioned reasons, Plaintiffs pray for judgment against Defendants in the amount of fifty million dollars ($50,000,000) for actual damages for pecuniary losses, mental anguish, loss of companionship and society, loss of inheritance, pre-death pain and suffering, pre-death disfigurement, pre-death loss of enjoyment of life, mental anguish, medical expenses, and funeral expenses; fifty million dollars ($50,000,000) in exemplary damages; pre- and post-judgment interest as allowed by law; all costs of Court; and all such other and further relief, at law and in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

**THE BUZBEE LAW FIRM**

By: /s/ *Anthony G. Buzbee*
Anthony G. Buzbee
State Bar No. 24001820
Federal Bar No. 22679
tbuzbee@txattorneys.com
David L. Bergen
State Bar No. 24097371
Federal Bar No. 2858355
dbergen@txattorneys.com
J.P. Morgan Chase Tower
600 Travis, Suite 7500
Houston, Texas 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909
www.txattorneys.com

*Attorneys for Plaintiffs*
*The Basden Family*